[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties were high school sweethearts in Milford. After graduation the defendant went into the Marines and served in Viet Nam. A month after he was discharged they were married in Milford on September 12, 1970. They honeymooned in Bermuda, then returned to Milford where the defendant acted as a manager of an apartment CT Page 7150 complex. He decided to use his G.I. benefits and money he had saved to go to college and to learn to fly. He received his private pilot's license, then earned his commercial pilot's license, his instructor's certificate and his instrument rating.
The parties bought a large house in the center of Orange in July 1979. The plaintiff still resides there. They had two children, Sean, born on February 4, 1972, and Christopher, born April 4, 1976. Sean is now a student in Roger Williams College in Rhode Island, Christopher is a student at Amity High School.
The defendant had decided to make his career in aviation. He is now a co-pilot flying U.S. Air and is also involved in a charter flight operation as a pilot. He had to be away from his Orange residence for two to three weeks each month.
The plaintiff was employed in various occupations during the marriage except for intervals when she had the two boys. She asked the defendant to give up flying but he did not want to do so.
The plaintiff has been faithful to the defendant during the marriage. However the defendant had liaisons with several women during it and so admitted to the plaintiff. From one of these liaisons he contracted and transmitted to the plaintiff through sexual relations genital herpes. She will never be cured of this physical condition which flares up from time to time when she is under particular stress or anxiety.
The plaintiff claims that the marriage has broken down because of the defendant's adultery, and his desire not to be married any longer. The defendant testified that the plaintiff was a good mother and a good wife. However he also claimed that the marriage had broken down. He said this was due to the lack of time for the parties to be together and the fact that they were not interested in the same things any longer.
The marriage has broken down irretrievably with no hope for reconciliation. It is dissolved. The court finds that the plaintiff was in no way responsible for the breakdown.
The defendant shall quit claim to the plaintiff all his interest in the marital home in Orange and the plaintiff shall take the property subject to the first and second mortgages on it. The defendant shall make all payments due on the two mortgages so that they shall be current to the date hereof. Thereafter the plaintiff shall be responsible to pay the two mortgages, and shall hold the defendant harmless from any liability on said mortgages.
The contents of the marital home shall belong to the plaintiff except for the defendant's clothes and personal effects, and his CT Page 7151 power tools including the cabinetry tools; all of which shall be removed by the defendant within 30 days at a time to be mutually agreed upon.
The 1990 Jeep Cherokee shall belong to the plaintiff and the 1985 Nissan 300 ZX shall belong to the defendant and the parties shall execute any papers necessary to effect this order. The 1988 Hundai GLS shall belong to Sean.
The 401K and IRA plans, the U.S. Air Common stock, the U.S. Air Credit Union and the Taylor Road Limited Partnerships asset listed on the defendant's Financial Affidavit dated May 26, 1992 shall belong to the defendant and the plaintiff shall relinquish any and all claims to said items.
Custody of the child, Christopher, is awarded solely to the plaintiff and the defendant shall have liberal rights of visitation with him. The defendant shall pay the plaintiff $100 a week support for Christopher until he is emancipated. The defendant shall provide health insurance for Christopher until he becomes emancipated to include Blue Cross, Blue Shield and Major Medical, Major Dental or their equivalent. All uninsured medical and dental bills for Christopher shall be paid 50/50 by the parties. Nothing of nonemergency nature will be incurred that costs in excess of $150 unless the plaintiff has received consent to incur said expenses by the defendant which consent shall not be unreasonably withheld.
The defendant shall pay the plaintiff $400 a week as alimony until the death of either party, remarriage of the plaintiff or cohabitation of the plaintiff within the meaning of the Connecticut General Statutes.
The defendant shall name the plaintiff as his beneficiary on any insurance he has on his life, which the court understands is in the principal amount of $300,000 and continue her as his beneficiary on said insurance on said amount so long as he has a duty to pay support to her.
The plaintiff shall have the right at her expense, to have health insurance coverage through the defendant's health insurance policy pursuant to COBRA for a period of three years from the date hereof.
Each party shall pay the liabilities listed on their respective financial affidavits as well as the fees of their own attorney.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 7152